METROPOLITAN NAT. BANK (EVANS-VILLE NAT. BANK v.). See Case No. 4,573.

## Case No. 9,506.

### METROPOLITAN R. CO. v. SLACK.

[Holmes, 375.][1]

Circuit Court, D. Massachusetts. May, 1874.

TAXATION—INCOME TAX — EARNINGS OF RAILWAY COMPANY.

1. Section 119 of the act of June 30, 1864 (13 Stat. 283), as amended by the act of July 13, 1866 (14 Stat. 138), providing that income taxes "shall be levied on the first day of May, and be due and payable on or before the thirtieth day of June, in each year, until and including the year 1870, and no longer," does not apply to an internal-revenue tax on the dividends and earnings of a railway corporation for the first six months of the year 1870, which is not an income tax, but an excise.

2. Under section 15 of the act of July 14, 1870 (16 Stat. 260), providing for levy and collection of a tax "for and during the year 1871," on interest paid by corporations, "and on the amount of dividends of earnings hereafter declared by them," the dividends and earnings of a railway corporation for the last six months of the year 1870 are not taxable.

Assumpsit to recover the amount of certain taxes, paid under protest by the plaintiff, a street-railway corporation, to the defendant [Charles W. Slack], a collector of internal revenue. The action was originally brought in the state court, and was removed by the defendant to this court by certiorari. The case was heard on an agreed statement of facts, the material parts of which were as follows: On the 23d of June, 1870, the directors of the plaintiff corporation declared a dividend of its savings and income for the first six months of the year 1870, payable July 1, 1870. The savings and income for the first six months of 1870 not being sufficient to pay the dividend, a portion of the surplus earnings of the previous year (upon which tax had been paid) was added to the earnings of the first half of 1870, to make up the amount of the dividend. A tax of five per cent was assessed upon the dividend, from the amount of which tax was deducted the tax paid by the corporation on the surplus earnings of 1869, carried forward as above; the balance was paid by the plaintiff under protest. On the 22d of December, 1870, the corporation declared a dividend of its earnings and income for the last six months of 1870, payable Dec. 30, 1871. A tax of two and a half per cent was assessed on this last dividend, and a like tax on the surplus earnings of the corporation over and above the dividend for said six months; which tax was paid by the plaintiff under protest.

Jewell, Gaston & Field, for plaintiff.
George P. Sanger, for defendant.

[1] [Reported by Jabez S. Holmes, Esq., and here reprinted by permission.]

LOWELL, District Judge. The reasoning of the supreme court in Barnes v. Railroads, 17 Wall. [84 U. S.] 294, seems to me to govern the first part of this case, relating to the tax assessed upon the plaintiff for the dividend declared in June, 1870. In those cases it was laid down that the tax upon the earnings of such companies as the plaintiff is an excise imposed upon them directly, and not a part of the general income tax of their shareholders. It seems to follow, fairly, that the limitation of section 119 of the act of 1864, as amended by the act of 1866 (14 Stat. 138), which brought the income tax to a close with the end of the year 1869 (assessable in May and payable in June, 1870), does not apply to this excise. This part of the case I decide for the defendant.

The question concerning the tax on the earnings of the second half of the year 1870 is one of difficulty, because section 15 of the act of 14th July, 1870 (16 Stat. 260), appears to be self-contradictory. It provides that there shall be levied and collected "for and during the year 1871" a tax of two and a half per cent on the amount of all interest or coupons paid, &c., and on the amount of all dividends of earnings, income, or gains, "hereafter declared" by any bank, &c. I have taken pains to examine the records of congress, and find that the words "for and during the year 1871" were inserted upon the report of a committee of conference, and without a word of debate in either house.

As the section stood before those words were added, the meaning was, that, instead of the former tax of five per cent, there should be levied a lighter tax, but that this should not be retroactive so as to relieve dividends which had been or should be declared before the passage of the act, and thus become liable to the five per cent. When the words "for and during the year 1871" were added, the "hereafter declared" became almost meaningless, or else repugnant; and, if the latter, the question is, which is to control?

The commissioners of internal revenue decided, first, that dividends for the last half of 1870 were liable to be assessed (12 Int. Rev. Rec. 93, 117); then that they were not (13 Int. Rev. Rec. 17); and then again that they were (14 Int. Rev. Rec. 57); and it is not surprising that there should be this conflict of opinion. I cannot find any way of fully reconciling the apparent inconsistency. It is not, in my opinion, possible so to change the words "for and during the year 1871" as to hold that they authorize an assessment for 1870. I think "during" is intended to express the idea that after 1871 there shall be no further excise of this character; and not, as was argued by the defendant, that the levy must actually be made in that year of all the profits of that year, and also of those of the last half of 1870.

In my opinion, a levy made in 1872, for the earnings of 1871, would be valid, and was

intended to be made, if necessary; in other words, the tax was upon the whole profits of 1871, and could not be evaded by declaring out of those profits a dividend payable in 1872. And this I understand to be the decision under the act of 1866, in Barnes v. Railroads, 17 Wall. [84 U. S.] 294.

If this be so, what warrant have we for saying that a tax to be levied for the year 1871 means for eighteen months? If the latter half of 1871 is included in one year, how can the latter half of 1870 be included in the same year? There is no reason for any such provision; and it is contradicted by section 16, which requires a return to be made to the assessor within thirty days after the dividend is declared. The construction contended for by the defendant requires us to hold that a dividend payable in August is to be returned in September, though it is not taxable until the following January.

That congress understood full well the meaning of the words used in the opening clause of section 15, is shown by an amendment inserted, if I mistake not, at the same time and in the same way in section 6; namely, that the income tax should be levied and collected for the years 1870 and 1871, and no longer. The "during" of section 15 corresponds, as I have said, to the "no longer" of section 6; and the unmistakable meaning of the early part of section 15 is, that the tax on the dividends of railroad companies shall be levied for the year 1871, and no longer. So far I do not find difficulty: but this brings the two phrases into direct repugnancy; because "hereafter declared" seems to mean at any time after the passage of the act.

Upon the whole, I think the governing clause of this section is the opening clause; because, if that is rejected, there is no power left to levy any tax. It is equally improper to reject any part of that clause, because then there is no limitation of years at all. That part of the section must, therefore, be entirely changed by interpolating the words "for the remainder of the year 1870," or something equivalent; or else it is plain that congress has failed to authorize a levy for the last months of 1870, whatever it may have said about dividends in some other clause.

Now, I know of no authority which will authorize such an interpolation. It seems to me much more consistent with sound construction to reject the words "hereafter declared," or to make them yield a part of their meaning, and remain as surplusage, or nearly so; because all the dividends earned in 1871 would be declared after the passage of the act, while all the dividends thereafter declared can by no means be assessed for the year 1871. Indeed, to give to those words the force contended for, is to change and enlarge their sense into nearly the opposite of their original meaning. When written, they meant that the reduction of the tax should not be retrospective. As now proposed, they would mean that it shall not be too prospective. I

cannot believe that it is permissible to supply a meaning for an act of congress upon any theory of what they probably might be expected to intend, which would so twist this section as to read that on all dividends hereafter declared until the end of 1871, including all earned in 1871, there should be levied the tax. I come back, therefore, to the point which is in reality the gist of the case,—that it is not the declaration of a dividend, but the earning of profits, that is the material thing, and that it is upon the profits earned in 1871 that the tax is imposed, and on none other. I have found my judgment enlightened and my opinion fortified by the decision and reasoning of McKennan, J., in Philadelphia & Reading R. Co. v. Kenney [Case No. 11,088], which sustains this construction of the statute.

Judgment for plaintiff for the amount of the second sum mentioned in the agreed facts, with interest at six per cent from July 31, 1871.

NOTE. Upon a similar case involving the interpretation of section 15 of the act of July 14, 1870, a majority of the United States supreme court, stating that "the ambiguous terms of the statute prevent the possibility of a satisfactory solution of the question presented," adopted "the construction practically placed upon it by the administrative department of the government": and decided in favor of the tax. Blake v. National Banks, 23 Wall. [90 U. S.] 321.